NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARISA LEVY, individually and on behalf of a class of persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, et al. <br><br> Defendants. | Case No. 2:09-cv-01191(WHW) <br><br> **OPINION AND ORDER DISMISSING CASE** |

**<u>Walls, Senior District Judge</u>**

On March 17, 2009, Plaintiff Marisa Levy filed suit against a local government and local officials, claiming violation of her constitutional rights as a result of a strip search she endured in the Passaic County Jail. Compl. ECF No. 1. Plaintiff had been found in arrears of child support payments she owed and was jailed by Judge Rohde in the Passaic County Superior Court pending her satisfaction of those arrearages. *Id.* ¶ 11. She filed her suit on behalf of herself and other members of a putative class, essentially alleging that a "blanket strip search without any individualized finding of reasonable suspicion or probable cause that he or she was concealing drugs, weapons or other contraband" violates the Fourth or Fourteenth Amendments to the U.S. Constitution when the individual is detained for "a charge other than a charge of drugs, weapons or felony violence." *Id.* ¶¶ 19, 25. The Complaint puts forth the following legal theory:

> The Fourth Amendment of the United States Constitution prohibits state officials, such as the defendants in this action and the employees they supervise, from performing blanket strip searches of detainees/arrestees who have been charged with misdemeanors or other minor crimes, are the subject of litigants' rights enforcement for failure to pay child support or

> are detainees as holdovers on warrants from other jurisdictions, unless there exists a reasonable suspicion to believe that the detainee/arrestee is concealing a weapon or contraband.

*Id.* ¶ 38. By "blanket strip searches," Plaintiff appears to mean a blanket policy of strip searching all arrestees or detainees regardless of individualized suspicion. *Id.* ¶ 41. Plaintiffs sought a declaratory judgment and exemplary damages, including compensatory, consequential and punitive damages, as well as attorneys' fees. *Id.* ¶¶ 51-54, (a)-(e). Defendants answered the complaint on April 28, 2009, generally denying Plaintiffs' allegations and asserting ten affirmative defenses. ECF No. 9. The parties held an initial scheduling conference before Magistrate Judge Cecchi on November 13, 2009.

On February 19, 2010, counsel for Defendants sent the Court a letter and draft consent order seeking to stay proceedings pending an opinion from the Third Circuit in the case of *Florence v. Board of Chosen Freeholders of the County of Burlington*. ECF No. 16. In that case, as the draft consent order explained, District Judge Rodriguez had certified to the Third Circuit the following question: "Whether a blanket policy of strip searching all non-indictable arrestees admitted to a jail facility without first articulating reasonable suspicion violates the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment." ECF No. 16-1 at 2. On February 23, 2010, Magistrate Judge Cecchi signed the consent order, staying the proceedings until 21 days after the Third Circuit's opinion issued in *Florence*. ECF No. 17.

In *Florence*, the District Court concluded that "blanket strip searches of non-indictable offenders, performed without reasonable suspicion for drugs, weapons, or other contraband, [are] unconstitutional." 595 F. Supp. 2d 492, 513 (D.N.J. 2009). On September 21, 2010, the Third Circuit reversed and remanded, finding that the practice of searching of inmates charged with non-indictable offenses at the point of intake was reasonable. 621 F.3d 296, 308 (3d Cir. 2010). On

April 4, 2011, the Supreme Court granted certiorari, 131 S. Ct. 1816 (2011), and on April 2, 2012, the Court affirmed the ruling of the Third Circuit, 132 S. Ct. 1510, 1523 (2012).

Neither party has made any substantive submission in this case since the letter requesting a stay in February 2010. The consent order signed by Magistrate Judge Cecchi required counsel for Plaintiff to advise the Court of the Third Circuit opinion, at which point the Court would schedule a status conference. ECF No. 17 at 3. Plaintiffs' counsel failed to do so. The Court's stay expired on October 12, 2010, 21 days after the Third Circuit's opinion. Even assuming that the stay would have been extended in light of the Supreme Court's grant of certiorari in *Florence*, it has now been over a year and a half since the Supreme Court's decision.

On September 25, 2013, this Court issued a Notice of Call for Dismissal Pursuant to Local Rule 41.1(a). ECF No. 19. Local Rule 41.1(a) provides for the dismissal "for lack of prosecution" of civil cases that have "been pending in the Court for more than 120 days without any proceedings having been taken therein." Dismissal may be "by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party." L.R. 41.1(a). The Notice of Call for Dismissal stated that the matter had been idle for more than 120 days and alerted the parties that it would dismiss the case unless the parties showed good cause before October 9, 2013 why it should not do so. *Id.* The parties have failed to make such a showing.

Accordingly, it is on this 22nd day of October, 2013 hereby:

ORDERED that this case is DISMISSED with prejudice.

/s/ William H. Walls
United States Senior District Judge